UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cr-00317-JPH-MJD ) |
| MICHAEL PERRYMAN, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL**

Mr. Perryman has filed a renewed motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. Dkt. [147]. For the reasons stated below, that motion is **DENIED**.

## I.
## Facts and Procedural Background

The Second Superseding Indictment charged Mr. Perryman with three counts: possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3). Dkt. 89.

The Court held a jury trial on September 23–24, 2019. Dkt. 141; dkt. 142. At the close of the government's case, Mr. Perryman moved for judgment of acquittal and the Court deferred ruling on the motion under after the jury rendered a verdict. Dkt. 142. The jury reached a unanimous guilty verdict on

1

all three counts. Dkt. 143. The Court accepted the verdict and denied Mr. Perryman's motion for acquittal. Dkt. 142.

On October 8, 2019, Mr. Perryman filed a renewed motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. Dkt. 147. He contends that the evidence is insufficient to support his conviction because: (1) the government failed to prove that he possessed the drugs or the firearm; (2) the government failed to prove the quantity of the drugs; and (3) that the evidence did not support the jury's finding that such possession was "in furtherance" of a drug trafficking crime. *See* dkt. 148.

## II.
## Applicable Law

Federal Rule of Criminal Procedure 29 "permits a defendant to move for a judgment of acquittal even after a guilty verdict is entered if he does not believe the evidence is sufficient to sustain a conviction." *United States v. Torres-Chavez*, 744 F.3d 988, 993 (7th Cir. 2014). "[A] defendant seeking a judgment of acquittal faces a 'nearly insurmountable hurdle.'" *United States v. Garcia*, 919 F.3d 489, 496 (7th Cir. 2019) (citing *United States v. Johnson*, 874 F.3d 990, 998 (7th Cir. 2017) (invoking chain of quotations)). A court views the evidence in a light most favorable to the government and overturns "the jury's verdict only when the record contains no evidence, regardless of how it is weighed, from which the factfinder could find guilt beyond a reasonable doubt." *Id.* at 507 (quoting *United States v. Faulkner*, 885 F.3d 488, 492 (7th Cir. 2018) (internal quotations omitted)).

# III.
# Analysis

## A. Count 1, Possession with Intent to Distribute Fentanyl

The elements that the government was required to prove for Count 1, possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), were (1) Mr. Perryman knowingly possessed fentanyl; (2) he intended to distribute the substance to another person; and (3) he knew the substance contained some kind of a controlled substance. Dkt. 142-1 at 22 (Final Instructions No. 21); *see United States v. Campbell*, 534 F.3d 599, 605 (7th Cir. 2008).

Mr. Perryman argues that the government did not show that he possessed the drugs as charged in Count 1. Dkt. 148 at 2. In support of this argument, Mr. Perryman contends that the drugs were not on his person and that the plate containing the drugs was not fingerprinted. *Id.* He further argues that because Rasheema Moore and Maurita Thomas stayed at the residence where the drugs were found ("the Residence"), a rational juror could have concluded that they possessed the drugs. *Id.* Mr. Perryman also contends that the government did not prove that the drugs were fentanyl, nor did it prove the quantity of the fentanyl. *Id.* at 2–3.

Possession is a broad term as it can be actual or constructive, dkt. 142-1 at 15 (Final Instruction No. 14); *see e.g.*, *United States v. Kelly*, 519 F.3d 355, 361 (7th Cir. 2008); *United States v. Bustamante*, 493 F.3d 879, 889 (7th Cir. 2007), *cert. denied*, 552 U.S. 1237 (2008), exclusive or joint, dkt. 142-1 at 15

(Final Instruction No. 14); *see e.g.*, *United States v. Lawrence*, 788 F.3d 234, 246 (7th Cir. 2015), and proven through direct or circumstantial evidence, *United States v. Gilbert*, 391 F.3d 882, 886 (7th Cir. 2004). The government could establish possession by showing either that Mr. Perryman had "exclusive control" over the property where the drugs were found or that he had a "substantial connection" to the location where the drugs were found. *United States v. Davis*, 896 F.3d 784, 790 (7th Cir. 2018).

Viewing the evidence in the government's favor, a rational trier of fact could have found that the government proved the essential elements of Count 1 beyond a reasonable doubt. Ample evidence linked Mr. Perryman to the Residence. Both Ms. Moore and Ms. Thomas testified that Mr. Perryman lived in the Residence, and Ms. Moore testified that Mr. Perryman reimbursed her for rent and bills that she paid for the Residence. Mr. Perryman's name was on the Xfinity bill for service to the Residence. Agent McCormick testified that the closet in the master bedroom was filled with men's clothes, and his testimony was corroborated by photographs taken on the day of the search. *See United States v. Griffin*, 684 F.3d 691, 695 (7th Cir. 2012); *United States v. Richardson*, 208 F.3d 626, 632 (7th Cir. 2000). This is ample circumstantial evidence to support the jury's verdict that Mr. Perryman possessed the drugs found in the master bathroom. *See United States v. Starks*, 309 F.3d 1017, 1021–22 (7th Cir. 2002) ("[T]he trier of fact is entitled to employ common sense in making reasonable inferences from circumstantial evidence.").

Mr. Perryman next contends that the evidence does not support the jury's verdict on the substance or quantity of the drugs because the government only tested part of the substance [1]. Dkt. 148 at 3. Rebecca Wang, a DEA forensic chemist, testified that through a series of scientific tests, she determined that fentanyl was present in the substance. As for the quantity of substance, the relative purity of the substance is irrelevant because Mr. Perryman was charged with possessing with intent to distribute a mixture or substance "*containing a detectable amount*" of fentanyl, and not pure fentanyl. *See* 21 U.S.C. §§ (a)(1) and (b)(1)(B) (emphasis added); *United States v. Duvall*, 272 F.3d 825, 829 (7th Cir. 2001).

There was ample evidence to support the jury's verdict on Count 1.

**B. Count 2, Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

The elements that the government was required to prove for Count 2, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), were (1) Mr. Perryman committed the crime of possession with intent to distribute fentanyl; (2) he knowingly possessed a firearm; and (3) his possession of the firearm was in furtherance of the possession with intent to distribute fentanyl. Dkt. 142-1 at 24 (Final Instruction No. 23); *see United States v. Brown*, 724 F.3d 801, 801–02 (7th Cir. 2013).

---

[1] Agent McCormick testified that one of the field tests on the drugs came back as heroin while the other field tests came out as fentanyl. Rebecca Wang, a DEA forensic chemist, testified that the suspected heroin was not pursued due to insufficient data. Regardless of whether the first field test determined that the substance was heroin, the Court neither weighs the evidence or assesses the credibility of witnesses. *United States v. Sewell*, 780 F.3d 839, 847 (7th Cir. 2015).

Mr. Perryman argues that the evidence established only that the firearm was at the Residence. Dk. 148 at 4. He asserts that there was "no 'credible evidence' that would require the jury to do anything other than speculate that the gun was used in furtherance of a drug crime based upon the testimony" of Kevin Steele. *Id.*

Viewing the evidence in the government's favor, a rational jury could have found the essential elements of Count 2 beyond a reasonable doubt. Cliff Jones testified that the drugs and digital scale were in the master bathroom. The loaded firearm was in the closet, in close physical proximity to the drugs and the scale. A reasonable juror could infer that Mr. Perryman stored the loaded firearm in his closet for the security of his drug trade. *See United States v. Huddleston*, 593 F.3d 596, 602 (7th Cir. 2010) ("in furtherance of" element satisfied where jury could have found that defendant possessed gun to protect himself and his stash and his profits); *see also United States v. Webster*, 775 F.3d 897, 906 (7th Cir. 2015), *cert. denied*, 135 S. Ct. 2368 (U.S. 2015).

Furthermore, the government did not need to show that Mr. Perryman actually possessed the firearm; constructive possession was enough. *See Griffin*, 684 F.3d at 695; *Richardson*, 208 F.3d at 632. Ms. Thomas testified that the firearm was registered in her name but that she left it in a previous apartment that she shared with Mr. Perryman.

There was ample evidence to support the jury's verdict on Count 2.

**C. Count 3, Possession of a Firearm by a Convicted Felon**

6

The elements that the government was required to prove for Count 3, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), were (1) Mr. Perryman knowingly possessed a firearm; (2) at the time of the charged act, he knew that that he had been convicted of a crime that was punishable by a term of imprisonment of more than one year; and (3) the firearm had been shipped or transported in interstate or foreign commerce. Dkt. 142-1 at 25 (Final Instruction No. 24); *see Rehaif v. United States*, 139 S. Ct. 2191, 2195–96 (June 21, 2019). The parties stipulated that Mr. Perryman had a prior felony conviction and that the firearm had traveled in interstate commerce, *see* dkt. 142, so the only issue for the jury to decide was whether Mr. Perryman knowingly possessed the firearm found in the Residence.

Mr. Perryman argues again that he did not have exclusive possession over the Residence and that possession of the firearm "could have been joint with Thomas and/or Moore and constructive in nature." Dkt. 148 at 6. He further argues that Ms. Thomas owned the firearm. *Id.* at 5.

But possession need not be actual or exclusive and can occur regardless of ownership. *Lawrence*, 788 F.3d at 240 ("Constructive possession is a legal fiction in which a person is deemed to possess contraband even without immediate physical control of the object. To prove constructive possession, the government must establish that the defendant knowingly had both the power and intention to exercise dominion and control over the object, either directly or through others.") (citation omitted); *United States v. Villasenor*, 664 F.3d 673, 681 (7th Cir. 2011) ("The fact that a third party may have had access to

7

the apartment, and therefore the firearm, does not negate the inference that [the defendant] had access to the firearm as well.") (citation omitted); *see also United States v. Kitchen*, 57 F.3d 516, 521 (7th Cir. 1995). In cases where the defendant shares a residence with others, "the government must demonstrate a substantial connection between the defendant and the contraband." *Lawrence*, 788 F.3d at 240 (7th Cir. 2015) (citing *Griffin*, 684 F.3d at 697).

Here, there was evidence sufficient for the jury to find that Mr. Perryman lived in the Residence, and thus had control over it. Moreover, there was a substantial connection between Mr. Perryman and the firearm—the firearm was found in a closet that was full of men's clothing. *United States v. Davis*, 896 F.3d 784, 791 (7th Cir. 2018).

There was ample evidence to support the jury's verdict on Count 3.

## IV.
## Conclusion

Mr. Perryman's renewed motion for judgment of acquittal is **DENIED**. Dkt. [147].

**SO ORDERED.**

Date: 1/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov

Lindsay E. Karwoski
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lindsay.karwoski@usdoj.gov

Finis Tatum, IV
ftatum@glaserebbs.com