UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00317-JPH-MJD |
| | ) | |
| MICHAEL PERRYMAN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order Denying Motions to Compel and Motion for New Trial**

Defendant Michael Perryman is serving a 228-month term of imprisonment following his conviction by jury of drug and firearm offenses. Dkt. 200. His conviction and sentence were affirmed on appeal. *Id.* Now before the Court are five discovery related motions, a motion for new trial, and a motion to compel the United States to provide notice of filings. For the reasons explained below, these post-judgment motions, dkts. 219, 220, 221, 222, 223, 224 and 226, are **denied.**

**I. Motions to Compel Release of Case Files**

Mr. Perryman states that he requires his former attorneys' case files to prepare a competent and complete post-conviction motion. However, this criminal case is closed and Mr. Perryman "is not entitled to file a motion for discovery -- of transcripts, indictments, search warrants, or other records -- before filing a § 2255 motion to vacate." *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020) (citing cases). "[A] § 2255 motion is a civil action separate and apart from a prisoner's criminal case, so a prisoner simply contemplating the filing of a § 2255 motion has no ongoing case and is in a wholly "prelitigation" posture." *Id.*

1

In addition, "while § 2255 proceedings are civil in nature, discovery in habeas actions is more limited than in other civil cases." *Id.* at 973 (emphasis in original) (citing *Harris v. Nelson*, 394 U.S. 286, 295 (1969) (noting that "[a]t the very least, it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions" applicable to ordinary civil litigation)). According to the Rules Governing Section 2255 Proceedings for the United States District Courts, for a federal habeas petitioner to obtain discovery once his action is filed, he must show "good cause." See Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. ... A party requesting discovery must provide reasons for the request."). A "good cause" determination cannot be made until a § 2255 motion has been filed.

Nothing in the case law, statutes, or rules allows Mr. Perryman to move to compel discovery in this closed criminal case. His motions to compel release of his former attorneys' case files, dkts [219], [220], [221], and [222], are therefore **denied**.

## II. Motion for a New Trial

Mr. Perryman has filed a motion for a new trial based on newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Rule 33 provides that the court may grant a new trial if the interest of justice so requires. *See* Fed. R. Crim. P. 33. "Granting a new trial in the interest of justice is reserved for only the most extreme cases, and [courts should] approach such motions with great caution." *United States v. Coscia*, 4 F.4th 454, 465 (7th Cir. 2021) (internal quotations and citations omitted). The Seventh Circuit has explained:

> In seeking a new trial, based on newly discovered evidence, the defendant must demonstrate that the new evidence "(1) was discovered after trial, (2) could not have been discovered sooner through the exercise of due diligence, (3) is material

and not merely impeaching or cumulative, and (4) probably would have led to acquittal."

*Coscia*, 4 F.4th at 465 (*quoting United States v. O'Malley*, 833 F.3d 810, 813 (7th Cir. 2016)).

Mr. Perryman cannot meet these criteria. He has not presented the newly discovered evidence upon which he purports to rely. Instead, he asks "the court to Order the U.S. Attorney Office to disclose the exculpatory evidence that warrants this new trial, evidence pertaining to IMPD's investigation and the Indiana[] state drug crimes that allegedly resulted in a federal search warrant and indictment for federal crimes." Dkt. 224. This blanket request falls short of demonstrating new evidence "was discovered after trial" and "could not have been discovered sooner through the exercise of due diligence." *Coscia*, 4 F.4th at 465. In the absence of new evidence, Mr. Perryman's motion, dkt. [224], must be **denied**.

### III.  Motion to Compel Notice

Mr. Perryman states that he has submitted motions but has not received any notices from the Court or Government concerning his filings. He seeks to compel compliance with Court rules. Mr. Perryman's motion, dkt [226], is **denied** because no misconduct has occurred. His motions are addressed in this Order. In addition, the **clerk is directed** to include a copy of the docket sheet along with Mr. Perryman's copy of this Order.

**SO ORDERED.**

Date: 10/20/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Michael Perryman
Reg. No. 16368-078
Federal Correctional Facility
FCI-Ashland
P.O. Box 6001
Ashland, KY  41105