UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL PERRYMAN, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:23-cv-00892-JPH-MG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR RELIEF FROM CONVICTION AND SENTENCE UNDER 28 U.S.C. § 2255**

In September 2019, a jury convicted Michael Perryman of possessing fentanyl with intent to distribute, possessing a firearm as a convicted felon, and possessing a firearm in furtherance of a drug trafficking crime. He is serving a 19-year prison sentence. Mr. Perryman seeks relief from his conviction and sentence under 28 U.S.C. § 2255. For the reasons discussed below, his motion is **denied**.

**I. The § 2255 Motion**

A motion under 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only

in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Background

Mr. Perryman was arrested on April 30, 2018, at a girlfriend's residence in Indianapolis. *United States v. Perryman*, No. 1:18-cr-00317-JPH-MJD, dkts. 2, 6 (Crim. dkt.). Michael Donahoe represented Mr. Perryman at an initial appearance the following day. Crim. dkts. 7, 8.

On May 30, 2018, the government sought an extension of the 30-day deadline to file an indictment or information against Mr. Perryman. Crim. dkt. 11; 18 U.S.C. § 3161(b). Mr. Donahoe did not oppose the motion, which noted that the parties were engaged in "fruitful discussions" about resolving the case. Crim. dkt. 11 at ¶ 7. The Court granted the unopposed motion. Crim. dkt. 12.

On June 7, 2018, Mr. Perryman retained Mary Zahn and David Deal. Crim. dkts. 13, 14. On June 17, the government requested a second extension of the deadline to file an indictment or information against Mr. Perryman, again reporting ongoing discussions between the parties. Crim. dkt. 18 at ¶ 7. The Court granted the unopposed motion. Crim. dkt. 19.

In September 2018, Ms. Zahn and Mr. Deal filed motions to withdraw their appearances, which Magistrate Judge Pryor granted at a hearing. Crim. dkts. 22–24.

On October 10, 2018, a grand jury indicted Mr. Perryman on one count each of possessing fentanyl with intent to distribute and possessing a firearm as a convicted felon. Crim. dkt. 25. Charles Hayes represented Mr. Perryman at his initial hearing following the indictment. Crim. dkts. 35, 39. The Court set the trial for December 10, 2018. Crim. dkt. 38. On November 14, the Court granted Mr. Perryman's motion to continue and reset the trial for April 15, 2019. Crim. dkt. 45.

On January 23, 2019, Mr. Hayes moved for an *ex parte* hearing, noting Mr. Perryman's request to proceed pro se. Crim. dkt. 49. The Court held a hearing on February 8, and Mr. Perryman withdrew his request on February 14. Crim. dkts. 51, 53.

At a hearing on March 6, 2019, the government reported that it had extended two plea offers to Mr. Perryman. Crim. dkt. 55. Mr. Perryman confirmed that Mr. Hayes communicated both offers to him. *Id.* After conferring with counsel, Mr. Perryman rejected both offers on the record and stated that he wished to proceed to trial. *Id.*

At Mr. Perryman's request, the Court held a hearing and permitted Mr. Hayes to withdraw on March 19, 2019, less than a month before the trial date. Crim. dkt. 64. Finis Tatum was appointed that same day as Mr. Perryman's new counsel and he promptly filed a motion to continue the trial. Crim. dkts. 66, 67. Also on March 19, a grand jury returned a superseding indictment adding a new charge for possessing a firearm in furtherance of a drug trafficking crime. Crim. dkt. 68. The Court held a status conference in response to the motion to continue

and granted the motion, continuing the trial to September 23, 2019. Crim. dkt. 79.

The trial convened as scheduled on September 23, 2019. The government rested on the second day, and Mr. Perryman initially expressed disagreement with Mr. Tatum's recommendation that he exercise his Fifth Amendment right not to testify. Crim. dkt. 190 at 4:10–5:2. Mr. Perryman, however, later stated unequivocally on the record that he understood his right to testify, he understood the risks of both testifying and not testifying, and he was exercising his right to not testify. *Id.* at 114:1–115:13. Mr. Perryman ultimately declined to put on any evidence. Crim. dkt. 142. The jury convicted Mr. Perryman on all counts. Crim. dkt. 143. The Court denied two motions for acquittal. Crim. dkts. 142, 156.

On March 16, 2020, the Court sentenced Mr. Perryman to 19 years in prison. Crim. dkt. 168. He appealed, arguing that there was insufficient evidence to support his convictions and that his Sixth Amendment confrontation clause rights were violated. The Seventh Circuit affirmed. Crim. dkt. 200.

Mr. Perryman petitioned for a writ of certiorari, which the Supreme Court denied on June 6, 2022. *Perryman v. United States*, 142 S. Ct. 2803 (2022). He filed his § 2255 motion and supporting brief on May 22, 2023. Dkts. 1, 2. After the government responded, dkt. 8, Mr. Perryman replied, raising new arguments, dkt. 9. Mr. Perryman moved to amend his petition to add another new argument in February 2024, dkt. 10, which the Court granted, dkt. 11.

## III. Arguments and Analysis

Mr. Perryman asserts numerous arguments in support of his petition for relief from his conviction and sentence. The Court considers Mr. Perryman's arguments raised in his initial petition and brief, dkts. 1, 2; his initial reply, dkt. 9; his amended petition, dkt. 10; and his supplemental reply only to the extent it addresses arguments in his amended petition, dkt. 14. Mr. Perryman's arguments all allege that his counsel were ineffective, thereby violating his Sixth Amendment right to effective assistance of counsel.

A § 2255 movant claiming ineffective assistance bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To assess counsel's performance, the Court must "apply an objective standard of reasonableness considering all the circumstances." *Bridges v. United States*, 991 F.3d 793, 803 (7th Cir. 2021). On the prejudice prong, a petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018).

"A party asserting ineffective assistance of counsel bears the burden of establishing" both deficient performance and prejudice. *Blake v. United States*,

723 F.3d 870, 879 (7th Cir. 2013); *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) ("Because counsel is presumed effective, the petitioner bears a heavy burden to prove that his counsel was ineffective and that his defense was actually prejudiced.").

**A. Failure to Test Substance**

Mr. Perryman was charged with and convicted of possessing fentanyl with intent to distribute. Crim. dkt. 143. During the search that led to Mr. Perryman's arrest, officers seized 399 grams of a suspicious substance, field-tested it, and determined it was heroin. Crim. dkt. 2 at ¶ 6. A government laboratory test later found that the substance was instead fentanyl. *See generally* crim. dkt. 199 at 80–100.

In his § 2255 motion, Mr. Perryman argues that his attorneys erred by "failing to obtain independent testing" of the substance. Dkt. 1 at 5–6, 11. The government responds that Mr. Perryman has not demonstrated that counsel's failure to secure independent testing of the substance was objectively unreasonable or that it prejudiced him.

"[A]n attorney need not investigate every possible factual scenario. Instead, the Constitution requires an attorney to make a 'reasonable' investigation." *Long v. United States*, 847 F.3d 916, 922 (7th Cir. 2017) (quoting *Strickland*, 466 U.S. at 691). If the petitioner can demonstrate that counsel's investigation was unreasonable, the focus turns to "what information would have been obtained from such an investigation and whether such information, assuming its

admissibility in court, would have produced a different result." *U.S. ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987).

While there was a discrepancy between the field test and the laboratory test results, Mr. Perryman does not argue that the laboratory test results were incorrect or point to any evidence supporting an inference that it was unreasonable for defense counsel to not demand further testing or that further testing likely would have resulted in a different outcome. His chemical testing argument therefore fails to establish deficient performance or prejudice. *See Long*, 847 F.3d at 922 (holding that petitioner "failed to allege facts that, if proven, would entitle him to relief" because "he never alleges what the investigation would have produced").

**B. Failure to Convey Plea Offers**

Mr. Perryman alleges that the government extended plea offers to him sometime before September 25, 2018, but his attorneys did not convey the offers to him. Rather, he learned about them on that date during a hearing with Magistrate Judge Pryor. Had counsel properly relayed the plea offers, he alleges, he would have pled guilty to a heroin charge instead of the fentanyl offense that was eventually charged and therefore would have received a lighter prison sentence. Dkt. 1 at 5. The government contends that there is no evidence that his attorneys failed to convey an actual plea offer. Dkt. 8 at 11. Regardless, Mr. Perryman's claim fails because there is no evidence of prejudice.

Plea bargaining "involves factors beyond the control of counsel," including "the cooperation of the prosecutor, who has no obligation to offer such an

agreement." *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000). A § 2255 movant can establish ineffective assistance by demonstrating that counsel cost him an opportunity to plead guilty under favorable circumstances. "To show prejudice," though, the movant "must demonstrate a reasonable probability that [he] would have accepted" the plea offer in question and must "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 556 U.S. 134, 147 (2012).

Mr. Perryman has not shown prejudice. He admits that he learned about the alleged plea agreement offers on September 25, 2018, which was before the original Indictment was docketed and long before the 924(c) count was added by Superseding Indictment on March 19, 2019, crim. dkt. 68. Mr. Perry does not explain why he did not accept a plea at that point if one was favorable. *See Lee v. United States*, 582 U.S. 357, 369 (2017) (Courts should not find prejudice "solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.").

### C. Decision Not to Testify

Mr. Perryman argues that trial counsel coerced him into forfeiting his right to testify or present evidence in his defense. Dkt. 1 at 8, 9–12; dkt. 2 at 4–7. He does not state, however, what evidence or testimony he would have presented if he had testified. Dkt 8 at 18. So, even if Mr. Perryman could show that he was

coerced as he claims, there is no basis to find that he was prejudiced by any action his attorneys took to dissuade or prevent him from testifying or presenting evidence. *See Hartsfield v. Dorethy*, 949 F.3d 307, 316 (7th Cir. 2020); *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991).

**D. Failure to Move to Suppress Confession**

At trial, Officer Marc Campbell testified that he participated in the search of Mr. Perryman's home and read Mr. Perryman his *Miranda* rights multiple times during the encounter. Officer Campbell also testified that Mr. Perryman agreed to speak to officers and admitted that all the drugs and money found in the house belonged to him. Crim. dkt. 190 at 80:20–81:1, 88:18–89:6, 93:23–94:8. Special Agent Philip McCormick also testified that he witnessed Officer Campbell read Mr. Perryman his *Miranda* rights. Crim. dkt. 199 at 23:8–14, 28:19–22, 34:9–21. Mr. Perryman argues that his attorneys performed deficiently by failing to move to suppress evidence that he admitted to possessing the drugs and money. Dkt. 1 at 12; dkt. 2 at 12–14.

"When a petitioner alleges that counsel was ineffective for failing to move to suppress evidence," he must "prove the motion was meritorious." *Long*, 847 F.3d at 920 (quoting *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005)). Mr. Perryman asserts that no officer ever read him his *Miranda* rights, noting that the *Miranda* warnings were not recorded or documented in writing. Dkt. 1 at 12; dkt. 2 at 2, 12. He then argues that the officers' testimony that he confessed was hearsay. Dkt. 1 at 8, 12, 19; dkt. 2 at 12–14.

The hearsay argument fails because the officers' testimony that Mr. Perryman received his *Miranda* warnings and then admitted to possessing the drugs and money did not violate the rule against hearsay. "Hearsay" is a statement made outside the judicial proceeding at issue and offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). By rule, testimony that an opposing party made a statement and offered against that party is not hearsay. Fed. R. Evid. 801(d)(2). The officers' testimony regarding Mr. Perryman's confession is not hearsay under that rule because it was testimony about Mr. Perryman's own statement and was offered against him. And the officers' testimony that they issued or witnessed the *Miranda* warnings was not hearsay because it was not offered to show the truth of the statement asserted but only to show their actions and the effect on Mr. Perryman.

Mr. Perryman therefore offers no evidence that his attorneys could have successfully filed a suppression motion to overcome the officers' testimony that Mr. Perryman received his *Miranda* warnings and then confessed. The officers presented their version of events under oath at trial, and Mr. Perryman offers no contrary evidence or explanation as to how a suppression motion or hearing would cast doubt on the admissibility of that testimony. There is no basis for concluding that a suppression motion would have succeeded. *See Long*, 847 F.3d at 920–21.

**E. Retention of Consultant**

Three days before the start of trial, Mr. Perryman's lawyer filed a motion seeking authorization to retain the services of another attorney as a jury

consultant. Crim. dkt. 138. Counsel noted in the motion that this would be his first federal jury trial as a first-chair attorney. *Id.* at ¶ 5. Mr. Perryman argues that this statement is an admission that counsel was not capable of effectively representing him for purposes of the Sixth Amendment. Dkt. 1 at 8–9. The government responds that counsel's motion reflects competence and diligence, not a lack of competence or ineffective representation. *See* dkt. 8 at 15–16.

Indiana's ethics rules for attorneys acknowledge that a "lawyer need not necessarily have . . . prior experience to handle legal problems of a type with which the lawyer is unfamiliar. A newly admitted lawyer can be as competent as a practitioner with long experience." Ind. R. Prof'l Conduct 1.1, comment [2]. Further, an attorney may enhance his competence "through the association of a lawyer of established competence in the field in question." *Id.*

Mr. Perryman's trial counsel was an experienced attorney. While this was his first federal criminal trial as lead counsel, this alone does not render him incompetent, and Mr. Perryman offers no other evidence that his counsel was incompetent or otherwise shown that he was ineffective for Sixth Amendment purposes. Counsel's effort to have a more experienced attorney present at trial cannot show ineffective assistance. *See United States v. Cronic*, 466 U.S. 648, 666 (1984) ("Every experienced criminal defense attorney once tried his first criminal case. . . . The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness.").

### F. Speedy Trial Act

#### 1. Failure to oppose charging deadline extension

Mr. Perryman asserts that his attorneys performed deficiently when they agreed to the government's motions to extend the charging deadline under 18 U.S.C. § 3161(b). He argues that, because the statute provides the government only 30 days from the time a suspect is arrested to charge him by information or indictment, if his attorneys had opposed the motions, the government would have had no option but to set him free. Dkt. 2 at 8.

Mr. Perryman does not dispute that the parties were engaged in discussions about how to proceed with the potential charges. Indeed, Mr. Perryman states in his § 2255 brief that he and his attorneys were engaged in discussions about whether to proceed to trial or cooperate with the government. Dkt. 2 at 8. The government therefore argues that counsel's agreements to the initial extensions were reasonable strategic decisions that are not susceptible to an ineffective assistance claim. *See United States v. McClinton*, 23 F.4th 732, 737 (7th Cir. 2022) ("Trial management, tactical and strategic decisions . . . are all within the lawyer's province.").

Mr. Perryman also does not explain how opposing the extensions would have made a different outcome more likely. His contention that the government would have had no choice but to set him free overlooks the possibilities that the Court could have granted extensions over counsel's objections or that the government would have presented its case to a grand jury earlier. Mr. Perryman has not carried his burden of demonstrating deficient performance or prejudice.

**2. Failure to file motion to dismiss**

Mr. Perryman asserts that trial counsel performed deficiently and prejudiced him by failing to move to dismiss the second superseding indictment under the Speedy Trial Act, 18 U.S.C. § 3161. Dkt 1 at 10. The government responds that a motion to dismiss the second superseding indictment under the Speedy Trial Act would have failed.

Under the Speedy Trial Act, a defendant must be tried "within seventy days from the filing date" of the indictment. 18 U.S.C. § 3161(c)(1). But certain delays are excluded from the seventy days—including those attributable to continuances requested by the defendant or his counsel. 18 U.S.C. § 3161(h)(7)(A).

Mr. Perryman was indicted on October 10, 2018. Crim. dkt. 25. His trial was set for two months later. Crim. dkt. 38. The Court then continued the trial to April 15, 2019, and then to September 23, 2019, at the request of Mr. Perryman by counsel. Crim. dkts. 43, 45, 67, 79. So every delay from the original trial date was attributable to Mr. Perryman and therefore excluded from the Speedy Trial Act analysis. Indeed, the Court warned Mr. Perryman when he asked the Court to appoint him a new lawyer in March 2019 that "changing counsel would result in a delay that would be excludable time" under the Speedy Trial Act. Dkt. 63. A motion to dismiss based on violation of the Speedy Trial Act would therefore have failed, and counsel was not constitutionally ineffective for declining to bring the motion. *United States v. Carter*, 355 F.3d 920, 924 (7th

Cir. 2004) ("[I]t is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.").

### G. Failure to Move for a *Franks* Hearing

Mr. Perryman asserts that the warrant authorizing the search was based on an affidavit falsely stating that he was an occupant of the home. He asked his attorney to seek to suppress evidence uncovered in the search on that basis. Counsel searched an electronic records database for any evidence of whether Mr. Perryman was an occupant of the home, and he found an entry stating Mr. Perryman was an occupant of the building after he was already arrested and detained. Dkt. 1 at 3. Mr. Perryman contends that it was unreasonable and prejudicial for counsel to decline to challenge the basis for the search warrant. The government responds that such a challenge would have failed.

"It is established law . . . that a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." *Franks v. Delaware*, 438 U.S. 154, 165 (1978). The Fourth Amendment does not require that "every fact recited in the warrant affidavit is necessarily correct," but it does require that "the information put forth" in the affidavit "is believed or appropriately accepted by the affiant as true." *Id.* Under *Franks*:

> evidence recovered from a search must be suppressed if a defendant proves by a preponderance of the evidence that: (1) the affidavit contained material false statements or omissions; (2) these false statements or omissions were made with deliberate or reckless disregard for the truth; and (3) these false statements or omissions were necessary to a finding of probable cause.

*United States v. Gregory*, 795 F.3d 735, 743 (7th Cir. 2015).

As an initial matter, one database's incorrect report that Mr. Perryman was an occupant of the residence after the search took place does not prove that he was not an occupant of the resident before the search took place. Further, in documents attached to Mr. Perryman's § 2255 motion, counsel relayed that other evidence supported a finding of probable cause for the search warrant. Dkt. 1-1 at 26. Mr. Perryman does not address that determination in his § 2255 motion and therefore cannot demonstrate that he was prejudiced by counsel's decision not to challenge the warrant under *Franks*. *See Lickers v. United States*, 98 F.4th 847, 858–59 (7th Cir. 2024) (rejecting ineffective assistance claim for failure to seek a *Franks* hearing).

**H. Stipulation to Convicted Felon Status**

Mr. Perryman contends that counsel wrongly stipulated that he was a convicted felon for purposes of his felon-in-possession charge. Instead, Mr. Perryman argues, counsel should have argued that he did not know he was prohibited from possessing a firearm because he served in the military after being convicted of the prior offense. Dkt. 1 at 11.

In a felon-in-possession "prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 588 U.S. 225, 237 (2019). Even if a reasonable attorney would have raised a *Rehaif* challenge based on Mr. Perryman's military service, he cannot demonstrate that counsel's failure to raise that argument prejudiced him. Mr. Perryman's sentence was

based on convictions for multiple offenses, and the sentence imposed on the drug charge was higher than the sentence imposed on the unlawful possession of a firearm charge. Under the "concurrent sentence doctrine," if a defendant has concurrent sentences on multiple counts of conviction but one count is found to be invalid, a court is not required to resolve a challenge to a conviction or sentence that is equal to or less than a still-valid conviction. *Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012) ("Even on direct appeal, courts are free to pretermit decision about convictions producing concurrent sentences, when the extra convictions do not have cumulative effects."). This doctrine normally applies unless it appears that the challenged convictions will cause additional, adverse collateral consequences for the Petitioner. *Id.*; *accord United States v. Harris*, 51 F.4th 705, 721 (7th Cir. 2022) ("The concurrent sentence doctrine applies primarily in habeas cases.").

The Court sentenced Mr. Perryman to concurrent 168- and 120-month sentences on the fentanyl and felon-in-possession charges, respectively, as well as a 60-month consecutive sentence on the § 924(c) charge, for a total sentence of 228 months' incarceration. Crim. dkt. 168. Had counsel successfully challenged Mr. Perryman's felon-in-possession charge on the ground that he did not know he was prohibited from possessing a firearm, there is no indication that Mr. Perryman's prison sentence would have been shorter. *See Ruiz v. United States*, 990 F.3d 1025, 1033–34 (7th Cir. 2021) (explaining that when a longer, "valid" sentence would still apply and the petition has not shown "actual prejudice," "foregoing review" of the merits of a § 2255 challenge is permissible).

### I. Appellate Counsel's Failure to Withdraw

Mr. Perryman asserts that his appellate counsel was impaired by physical and mental health conditions that rendered her representation ineffective as a matter of law. Dkt. 1 at 15; dkt. 2 at 16–17.

Appellate counsel filed a motion for leave to file Mr. Perryman's principal appellant's brief six days after the filing deadline. Dkt. 1-3 at 43–46. The motion explained that counsel lost power due to an intense storm while uploading the brief on the date it was due, causing her to miss the filing deadline. *Id.* Missing the deadline in turn caused experienced intense anxiety and panic attacks, leading to multiple doctors' visits and taking medication that left her unable to work for several days. *Id.* Counsel also filed a motion for leave to file Mr. Perryman's reply brief four days late, noting that she was hospitalized with pneumonia and blood clots after finishing work on the brief but before filing it. Dkt. 1-3 at 47–48. Counsel stated in the second motion that she had been "fighting through her mental health challenges to make sure this motion and brief is filed so she doesn't waive any rights of . . . Mr. Perryman." *Id.*

While Mr. Perryman's appellate attorney suffered health crises after she had completed work on Mr. Perryman's appellate briefs that caused her to seek leave to file belated briefs, that does not support an inference that appellate counsel was impaired by any medical or mental health condition while she was working on the briefs or that her representation on appeal was ineffective. Instead, appellate counsel sought necessary extensions to ensure that Mr. Perryman's arguments were presented on appeal. Mr. Perryman therefore has

not met his burden to "show that his counsel's performance fell below an objective standard of reasonableness." *Resnick*, 7 F.4th at 619.

**J. Prosecutorial Misconduct**

Mr. Perryman argues that the government engaged in prosecutorial misconduct by:

- Seeking extensions of the charging deadline. Dkt. 1 at 18.
- Indicting him after the withdrawal of one of his attorneys but before another had appeared. *Id.*
- Threatening of additional charges as a plea-bargaining tool. *Id.*
- Filing a superseding indictment after he rejected a plea offer. *Id.*
- Withholding the identity of a confidential informant. *Id.* at 18–19.
- Withholding material evidence. *Id.* at 19.
- Telling a defense witness that she could be prosecuted for testifying on Mr. Perryman's behalf. *Id.*
- Arguing facts not in evidence during closing arguments. *Id.*
- Suborning perjury in front of the grand jury. *Id.*

The government contends that Mr. Perryman procedurally defaulted each of these arguments by failing to raise them during proceedings in this Court or on appeal. Dkt. 8 at 31–33. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre*, 847 F.3d at 843 (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013); *Massaro v. United States*, 538 U.S. 500, 504 (2003)). A § 2255 petition is not a substitute for direct appeal. *United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015).

Constitutional claims may be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal. *Massaro*, 538 U.S. at 504. If a petitioner is unable to demonstrate both cause and prejudice, he may obtain habeas review only if the dismissal of his petition would result in a fundamental miscarriage of justice—that is, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Mr. Perryman does not attempt to demonstrate cause, prejudice, or actual innocence in his § 2255 petition. Indeed, he does not argue that trial or appellate counsel were ineffective for failing to raise these arguments. Dkt. 8 at 31–33. And he addressed procedural default for the first time in his reply in support of his supplemental issues, after already having filed a reply in support of his initial petition and a supplemental petition. Dkt. 14; *see* dkts. 9, 10. He therefore has waived the argument. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012). Mr. Perryman's prosecutorial misconduct arguments are procedurally defaulted.

**K. Arguments Raised in Reply Brief**

Mr. Perryman's reply brief does not address the arguments raised in his petition or the brief in support of it. *Compare* dkt. 9 *to* dkts. 1, 2. Most of the reply reproduces and discusses Supreme Court opinions without explaining their connection to the facts of his case. He appears to argue, however, that his firearms charges are invalid because (a) although he was a convicted felon, he

was not prohibited from possessing a firearm; and (b) if he possessed the firearm at all, he possessed it constructively, which is not unlawful.

Beginning with the second issue, Mr. Perryman's constructive possession argument has already been raised to and rejected by the Seventh Circuit. Crim. dkt. 200 at 9–11. "Invoking the doctrine of the law of the case, the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal." *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004). Further, Mr. Perryman does not cite any subsequent decision preventing the government from using constructive possession to prove a felon-in-possession charge or a charge for using a firearm in furtherance of a drug crime.

The legal basis for the first challenge is not clear. While Mr. Perryman cites extensively to *New York State Rifle & Pistol Association v. Bruen*, it holds only that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." 597 U.S. 1, 10 (2022). And the Seventh Circuit has held that "disarmament of dangerous felons [under 18 U.S.C. § 922(g)(1)] is constitutional under the Second Amendment." *United States v. Watson*, 171 F.4th 1012, 1025 (7th Cir. 2026). Even if that weren't the case, Mr. Perryman does not argue that *Bruen* has any bearing on his conviction for *using* a firearm in furtherance of a drug crime. And, for his felon-in-possession conviction, his sentence was shorter than and concurrent with his fentanyl sentence, preventing relief under the concurrent sentences doctrine explained above. *See Harris*, 51 F.4th at 721; *Ryan*, 688 F.3d at 849.

### L. Criminal History Calculations

In his amendment and supplemental reply, Mr. Perryman contends that his attorneys failed to object to his criminal history calculation under the U.S. Sentencing Guidelines. He argues that he should not have received criminal history points for a prior attempted carjacking conviction because "the 'attempt' crime in Indiana state law is overly broad." Dkt. 14 at 3.[1]

Mr. Perryman cites no authority to support the proposition that Indiana convictions for attempted carjacking are invalid, and regardless he could not have collaterally attacked his prior conviction at sentencing. *See United States v. Jimenes*, 852 F.3d 631, 633 (7th Cir. 2017). Mr. Perryman therefore cannot succeed on any challenge that counsel was deficient for failing to raise that argument, or that he was prejudiced.

### M. Undeveloped Arguments

It is well-settled that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017). Mr. Perryman asserts several brief claims of ineffective assistance in his § 2255 motion that are unintelligible, unsupported by citation to legal authority, or otherwise insufficiently developed.

---

[1] "The petitioner understands that" the Guidelines do not "require that crimes be violent . . . . Therefore the robbery should have received 3 points, and the attempted carjacking would receive none, because of the sentencing circuit case law has determined that the 'attempt' crime in Indiana state law is overly broad." Dkt. 14-1 at 3.

**1. Failure to Subpoena Dan Schmidt**

Mr. Perryman states: "Counsel failed to subpoena SA Dan Schmidt, though Schmidt claimed to have found the fully loaded Diamond Back AR-15 Rifle within the bedroom closet. Schmidt would have first hand knowledge of the weapon's position within the residence." Dkt. 1 at 8. Mr. Perryman does not explain what testimony would have been presented or how it would have aided his defense.

**2. Failure to Impeach Mesheema Moore**

Mr. Perryman states: "Trial Counsel [was] ineffective for failing to impeach Mesheema Moore[2] with prior statements. . . . On May 5, 2018, Ms. Moore informed Pre-trial Services Officer Ryan W. Harrold that she and Mr. Perryman had been living together for five months at 3178 E. Oceanline Dr." Dkt. 1 at 8. Mr. Perryman does not explain how this testimony would have increased the likelihood of acquittal or a lesser sentence on any charge.

**3. Failure to Present Documents**

Mr. Perryman states:

> Trial Counsel [was] ineffective for not admitting Mary Zahn and David Deal billing statement. [. . .] On August 30, 2019, Finis Tatum, in Attorney-Client communication, stated that he had received the lease agreement from Rasheema Moore, which was admitted into evidence, and the billing statement, that was also requested for admittance. Billing statement would have assisted with impeachment purposes.

Dkt. 1 at 8. Mr. Perryman does not state what testimony this evidence would have impeached or how impeaching that testimony would have increased the likelihood of an acquittal or lesser sentence on any charge.

[2] It appears that Mr. Perryman refers to Rasheemaa Moore, who testified at trial.

**4. Failure to Object to Appointment of Counsel for Witness**

Mr. Perryman states: "Trial Counsel [was] ineffective for failing to object to the Government's motion for appointment of Counsel for witness." Dkt. 1 at 9. At trial, the Court granted the government's unopposed motion to appoint standby counsel for one of Mr. Perryman's housemates, who was identified as a potential witness on both sides' witness lists. Crim. dkts. 102, 107, 119, 128. Mr. Perryman states that she was the owner of the gun he was charged with possessing, it was his "compulsory right" to call her as a witness, and the government "intimidated" her "into believing she could be charged." Dkt. 1 at 9. But Mr. Perryman does not explain how his defense was harmed by agreeing to allow this witness to be represented by standby counsel or why a different outcome would have been more likely if counsel objected.

**5. Failure to Object to Obstruction Enhancement**

Mr. Perryman states: "Trial Counsel [was] ineffective for failing to object to the sentencing enhancement 'obstruction of justice'. . . . Mr. Tatum was given a copy of the letter Mr. Perryman sent to his then girlfriend. The letter was not introduced into evidence. . . . Therefore, the enhancement should not apply." Dkt. 1 at 9. The girlfriend "was asked if Perryman told her to testify, and she stated 'No, I was forced [by the Government].'" *Id.* Based on the evidence presented at trial and at the sentencing hearing, the Court found that Mr. Perryman had sent a letter to a witness suggesting that she falsely claim that she took the gun to his residence. Crim. Dkt. 196 at 25. Based on that conduct,

the Court applied a two-level increase to the offense level based on obstruction of justice. Crim. Dkt. 196 at 30.

Mr. Perryman does not explain on what basis counsel should have objected to the obstruction-of-justice enhancement or how his letter to his girlfriend is connected to the enhancement.

#### 6. Failure to Present Detective's Statement

Mr. Perryman states:

> Trial Counsel [was] ineffective for not admitting Detective McElfresh's IMPD Incident into evidence. [. . .] Officer McElfresh said that he did transport 400 grams of heroin to the DEA property room. .[ . .] Officer McElfresh stated that he had never seen a page in his report that would state "that there's never been---There' s no record on file pertaining to the AR-15 that was recovered in this case." [. . .] Mr. Tatum stated to the court that "It's a police report. It can be offered into evidence", but fails to admit it into evidence.

Dkt. 1 at 9. Mr. Perryman does not explain the potential significance of Detective McElfresh's statement or how its admission would have increased the likelihood of a favorable outcome.

#### 7. Failure to File Suppression Motion

Mr. Perryman states:

> Trial Counsel was ineffective for failing to file a motion to suppress. . . . In Attorney-Client communication, under title "Motion to Suppress" [. . .], Finis Tatum is speaking of a portion of the Motion to Suppress that was mailed to his office, as referenced by a Mr. Henry Moellring [. . .]. Counsel again decides to allow a Jury, uneducated on the law surrounding the facts, decide the issues, versus a Judge of the Southern District of Indiana.

Dkt. 1 at 10. The Court understands Mr. Perryman to argue that his trial counsel should have filed a motion to suppress certain evidence, but he does not identify

that evidence, any legal basis there may have been to exclude it, or how the admission of the evidence prejudiced him.

**8. Failure to Subpoena Investigator**

Mr. Perryman states: "Trial Counsel was ineffective for failing to subpoena Investigator Kevin W. McClain as a witness for the defense." Dkt. 1 at 10–11. Mr. Perryman indicates that counsel utilized an investigator to prepare for trial and asserts that he erred by failing to call the investigator to testify—but he offers no insight as to what testimony the investigator would have offered or how it would have aided his case.

**9. Failure to Oppose Jury Instruction**

Mr. Perryman states:

> Trial Counsel was ineffective for agreeing to vagueness of Count II, 18 U.S.C. § 924(c), "In furtherance of". [. . .] Joint Proposed Jury Instruction 115 states "A person possesses a firearm 'in furtherance of' a crime if the firearm furthers, advances, moves forward, promotes or facilitates the crime." [. . .] The Jury had five different definitions to consider for this crime, however the Government relied on proximity and accessibility.

Dkt. 1 at 11. Mr. Perryman does not state why the instruction to which counsel agreed was deficient or how a different instruction would have increased the likelihood of a different outcome.

**10. Search Warrant Issues**

Mr. Perryman states: "Pre-indictment, Pre-trial, Trial, and Appellate Counsel were ineffective for allowing petitioner's Constitutional rights to be violated." Dkt. 1 at 12. Mr. Perryman alleges defects in the search warrant and describes officers' interactions with other inhabitants of the residence, but he

does not state what he believes his attorneys should have done differently or how a different approach would have made a different outcome more likely.

**11. Failure to Raise Issues on Appeal**

Mr. Perryman states:

> Appellate Counsel [was] ineffective for failing to investigate and include argument requested by the petitioner. [. . .] India Lane requested an extension of time to file the appellate brief, and informed the Court that the brief was complex and the issues would include: 1. Trial Rule 29. 2. Insufficient evidence for §924(c) conviction, 3. Improper interference with impeachment testimony, and 4. Improper admission of evidence. Ms. Lane failed to complete issue three, and completely leaves issue four out of the brief. Counsel requested the extension specifically to include these issues. Failure to include them is ineffective.

Dkt. 1 at 14. He adds:

> Appellate Counsel [was] ineffective for failing to include sentencing enhancements. [. . .] Counsel was requested to include the "obstruction of justice" enhancement, and the "maintaining a stash house" enhancement. These issues were objected to during the pre-sentence phase, as well as the sentencing hearing.

Dkt. 1 at 14; *see also* dkt. 2 at 17.[3] Mr. Perryman does not state the factual or legal bases for these arguments or explain why raising them would have increased the likelihood of a favorable outcome on appeal. He also does not address whether any unraised argument could have been stronger than the arguments appellate counsel did raise. *See Johnson v. Thurmer*, 624 F.3d 786,

[3] "As dated on April 7, 2021, Mr. Perryman informed Ms. Lane about the 'obstruction of justice enhancement', the 'maintaining a drug house enhancement', and also about preserving the fact of being a convicted felon or 'prohibited person' while entering the U.S. Army, and being in 'actual possession' of a firearm versus being in 'constructive possession'. Ms. Lane failed to contest the first, third, and fourth elements of 18 U.S.C. § 922(g)(1). . . . Ms. Lane further failed to raise the issue of Constitutional vagueness of 18 U.S.C. §924(d)(l)(A). Had she effectively argued this insufficient claim, count two would have been vacated."

793 (7th Cir. 2010) ("To prevail on this claim, Johnson must show that appellate counsel failed to raise an obvious issue that is stronger than the other claims raised and that prejudice flowed from that failure.").

**12. Appellate Counsel's Failure to Investigate**

Mr. Perryman states:

> Appellate Counsel [was] ineffective for failing to interview witnesses, and failure to investigate. [. . .] In #9 of the Motion, Ms. Lane states "Counsel needs time to possibly interview witnesses whom testified at trial, given there is information that was not presented at trial that should have." Ms. Lane failed to interview witnesses, and failed to include that "information that should have".

Dkt. 1 at 14. Mr. Perryman does not state what witnesses appellate counsel should have interviewed, what information they would have provided, or how it would have increased the likelihood of a favorable outcome on appeal.

**13. Failure to Raise Hearsay Objection on Appeal**

Mr. Perryman States: "Appellate Counsel [was] ineffective for conceding to the hearsay testimony of Marc Campbell. . . . 'Everything in the condo is his except the rifle.'" Dkt. 1 at 14. Mr. Perryman does not state the factual or legal basis for challenging Mr. Campbell's testimony. Additionally, as the Court discussed in Part III(E) above, Officer Campbell's testimony about Mr. Perryman's statements did not violate the rule against hearsay.

**14. Failure to Perfect the Record**

Mr. Perryman states: "Appellate Counsel [was] ineffective for not perfecting the record. . . . Maurita Thomas admits to ownership of her weapon, and Rasheema Moore admits to leasing the condo, as well as completing the lease." Dkt. 1 at 14. Mr. Perryman does not state what action appellate counsel should

have taken with respect to these facts or how that action would have increased his likelihood of a successful appeal.

#### 15. Failure to Preserve Constitutional Claim

Mr. Perryman states: "Appellate Counsel [was] ineffective for not preserving petitioner's Constitutional claim. . . . Ms. Lane gives one sentence to the claim." Dkt. 1 at 14. Mr. Perryman does not explain what claim was not preserved or how it would have increased the likelihood of a more favorable outcome.

## IV. Conclusion

Mr. Perryman's motion for relief under § 2255 is **denied**. This case is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment** and to docket a copy of this order in the criminal case (1:18-cr-00317-JPH-MJD) and **terminate** the pending § 2255 motion (dkt. [238]) in that case.

Mr. Perryman's motion requesting copies and updating his address, dkt. [15], is **granted**. Mr. Perryman's address has been updated on the docket. The **clerk is directed** to include a copy of the public docket sheet with this order.

Mr. Perryman's motion requesting a status conference, dkt. [16], is **denied as unnecessary**. This matter has been adjudicated on the merits, and no further proceedings are necessary.

## V. Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v.*

*Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Perryman has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 10/20/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL PERRYMAN
16368-028
BASTROP - FCI
BASTROP FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1010
BASTROP, TX 78602

Pamela S. Domash
DOJ-USAO
pamela.domash@usdoj.gov